# State of Louisiana
## Secretary of State

05/14/2019

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

Suit No.: 615736
1ST JUDICIAL DISTRICT COURT
CADDO PARISH

MAXINE SARPY
vs
METROPOLITAN PROPERTY AND CASUALTY INS CO

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: E. GASPARD

Date: 05/13/2019
Title: DEPUTY SHERIFF

No: 1118869



JN

**EXHIBIT A**

debbies                                                                                          CPCC.CV.1063742

# Citation

MAXINE SARPY                                           NO. 615736– B
        VS                                             STATE OF LOUISIANA
METROPOLITAN PROPERTY AND CASUALTY                     PARISH OF CADDO
INSURANCE COMPANY

                                                       FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    METROPOLITAN PROPERTY AND CASUALTY INSURANCE
                               COMPANY
                               THRU HONORABLE SECRETARY OF STATE
                               BATON ROUGE, LA 70809

                                                       SERVED ON
                                                       R. KYLE ARDOIN

                                                       MAY 1 3 2019

                                                       SECRETARY OF STATE
YOU HAVE BEEN SUED.                                    COMMERCIAL DIVISION
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received
these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court
at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN
(15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 10, 2019.


        *Also attached are the following:            **MIKE SPENCE, CLERK OF COURT**

_____  REQUEST FOR ADMISSIONS OF FACTS

_____  INTERROGATORIES

_____  REQUEST FOR PRODUCTION OF DOCUMENTS       By: _____
                                                                Deputy Clerk
_____


                                                  _____JOHN BRUSCATO_____
                                                                Attorney


                                                       A TRUE COPY - - ATTEST


                                                  _____
                                                                Deputy Clerk


These documents mean you have been sued. Legal assistance is advisable, and you should contact a lawyer
immediately. If you cannot find a lawyer, please go to www.shreveportbar.com and click on the Lawyer
Referral Service link, or go to the Shreveport Bar Center on the third Monday of each month from 5:30 -
7:30 for a free seminar. If eligible, you may be entitled to legal assistance at no cost to you through
Shreveport Bar Legal Aid. Please call 318-222-7186 for more information.

If you are a person with a disability, please contact the Clerk of Court's office for information regarding
accommodation and assistance.


**SERVICE COPY**

STATE OF LOUISIANA          §          PARISH OF CADDO

FIRST JUDICIAL DISTRICT COURT

MAXINE SARPY                                           FILED_____

VERSUS NO. _____

METROPOLITAN PROPERTY AND CASUALTY          _____
INSURANCE COMPANY                              DEPUTY CLERK OF COURT

---

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, MAXINE SARPY, major domiciliary of Shreveport, Caddo Parish, Louisiana, and respectfully represent:

1.

Made Defendant herein is:

a)  METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign insurance company authorized to do and actually doing business in the State of Louisiana; and

2.

On or about April 6, 2018, severe weather conditions caused damage to Ms. Sarpy's property located at 325 Holcomb Drive, Shreveport, Louisiana.

3.

At the time of the aforementioned incident, Plaintiff, MAXINE SARPY, was in possession of homeowners' coverage with Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY.

4.

The property damages of Plaintiff have been timely submitted to Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY.  Said Defendant has failed to timely initiate a property damage adjustment and/or pay the balance of said claim based on the fact that

5.

Plaintiffs shows that the failure and refusal of Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, to timely initiate property damage adjustment in good faith and/or pay said property damage claim was and/or is arbitrary,

capricious, unreasonable, and without probable cause, and therefore, Plaintiffs are entitled to recover penalties in accordance with La. R.S. 22:1892 and La. R.S. 22:1973, and other laws of the State of Louisiana, together with a reasonable attorney's fee to be fixed by this Court since Plaintiff's have had to engage counsel to institute and prosecute this action. Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, has committed a breach of duty as an insurer of good faith and fair dealing.

6.

Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, is liable unto Plaintiff, individually and jointly, with regard to the claims asserted herein.

WHEREFORE, MAXINE SARPY, prays for Judgment herein in her favor and against Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, individually, in such amounts as are reasonable within the premises, and specifically his claim for loss of use, mental anguish and distress, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

Respectfully submitted,

JOHN F. BRUSCATO                    BRN 34900

THE BRUSCATO LAW FIRM
709 ARKANSAS AVENUE
POST OFFICE BOX 2131
MONROE, LOUISIANA 71207-2131
(318) 323-4070
FACSIMILE: (318) 703-8694


PLEASE SERVE:

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY
THROUGH AGENT FOR SERVICE
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809



debbles

CPCC.CV.1063742

# Citation

39.36
50

MAXINE SARPY
    VS
METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY

NO. 615736– B
STATE OF LOUISIANA
PARISH OF CADDO

FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    METROPOLITAN PROPERTY AND CASUALTY INSURANCE
COMPANY
THRU HONORABLE SECRETARY OF STATE
BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 10, 2019.

*Also attached are the following:

_____  REQUEST FOR ADMISSIONS OF FACTS

_____  INTERROGATORIES

_____  REQUEST FOR PRODUCTION OF DOCUMENTS

_____

**MIKE SPENCE, CLERK OF COURT**

By: _____
           Deputy Clerk

JOHN BRUSCATO
Attorney

SERVICE INFORMATION:      Date _____

Personal \_\_\_\_\_  Domiciliary \_\_\_\_\_ to _____

Unserved \_\_\_\_\_  because _____

Remarks _____

**FILED**
~~SHERIFF RETURN~~

~~MAY 22 2019~~

MIKE SPENCE
CLERK OF COURT

RECEIVED
MAY 10 2019
E.B.R. SHERIFF'S OFFICE

_____
    Deputy Sheriff

I made service on the named party through the
Office of the Secretary of State on

PERSONAL

MAY 13 2019
by tendering a copy of this document to:
KATHY DARDEN
DY. E. GASPARD 0922
DY.    PHONE# 225-803-1671
Deputy Sheriff, Parish of East Baton Rouge, LA



$ _____ FILED

JUN 1 0 2019

BREANESHIA THOMPSON
DEPUTY CLERK OF COURT
CADDO PARISH

FIRST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

No.: 615-736                                                    Div. B

MAXINE SARPY

VERSUS

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

FILED: _____     _____

DEPUTY CLERK

## METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY'S REQUEST FOR NOTICE

Defendant Metropolitan Property and Casualty Insurance Company's, pursuant to Louisiana Code of Civil Procedure article 1572, moves this Court for written notice at least ten (10) days in advance of the date fixed for a trial or hearing of any exception, motion, rule, or trial on the merits in the above-captioned proceeding and, pursuant to Louisiana Code of Civil Procedure articles 1913 and 1914, requests immediate notice of all interlocutory and final orders and judgments on any exceptions, motions, rules, or the trial on the merits in the above-captioned proceeding.

Respectfully submitted,

H. Minor Pipes, III, 24603
Patrick J. Lorio, 38328
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Metropolitan Property and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel by electronic mail, facsimile and/or by United States Mail, postage prepaid and properly addressed, this 3rd day of June, 2019.

1671473_1



FILED

JUN 1 0 2019

BREANESHIA THOMPSON
DEPUTY CLERK OF COURT
CADDO PARISH

FIRST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO.:   615736                                        DIVISION: B

MAXINE SARPY

VERSUS

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

FILED: _____            _____
                                           DEPUTY CLERK

### ANSWER AND AFFIRMATIVE DEFENSES

Metropolitan Property and Casualty Insurance Company ("Metropolitan")
responds to Plaintiff Maxine Sarpy's ("plaintiff") Petition for Damages (the "Petition") as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims may be barred, in whole or in part, by her failure to mitigate

damages.

### THIRD DEFENSE

Metropolitan denies that it acted arbitrarily, capriciously, or in bad

faith. Metropolitan further avers that at all times pertinent hereto, it acted in good faith and in

compliance with all applicable statutory law.

### FOURTH DEFENSE

Metropolitan denies that it breached any statutory duties to plaintiff; however,

should plaintiff establish a violation of statutory duties, plaintiff has not suffered any real damages

as a result of said breach and/or violation of statutory duties.

### FIFTH DEFENSE

Plaintiff has no right to recover penalties, attorneys' fees, and/or costs.

### SIXTH DEFENSE

Plaintiff has failed to state facts sufficient to give rise to a claim against

Metropolitan for penalties.

### SEVENTH DEFENSE

Granting the relief sought by plaintiff would unjustly enrich plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata, laches, unclean hands, waiver, payment, estoppel, and/or set-off.

## NINTH DEFENSE

The Policy excludes coverage caused by wear, tear, and deterioration:

**SECTION I - LOSSES WE DO NOT COVER**
(SPECIAL PERILS)

**3**. We do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

> **A**. wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

## TENTH DEFENSE

The Policy excludes coverage for damage caused by fungus or mold:

**SECTION I - LOSSES WE DO NOT COVER**
(SPECIAL PERILS)

**3**. We do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

> **B**. fungus and mold. There is no coverage for loss which, in whole or part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from fungus and mold. This exclusion applies regardless of whether fungus and mold arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under SECTION I ADDITIONAL COVERAGES for Fungus and Mold Remediation;

## ELEVENTH DEFENSE

The Policy may exclude coverage for damage caused by a continuous leakage or seepage of water:

**SECTION I - LOSSES WE DO NOT COVER**
(SPECIAL PERILS)

**3**. We do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

> **I.**     seepage, meaning continuous or repeated seepage or leakage of water or steam or the presence or condensation of humidity,

moisture or vapor, over a period of weeks, months or years, from within:

1. a heating system;
2. an air conditioning system;
3. an automatic fire protective sprinkler system;
4. a domestic appliance; or
5. a plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors.

However, we pay for ensuing damages to building property that results from such seepage if the leakage of water is not able to be observed and is hidden within the walls or ceilings or above the ceilings or beneath the floors but not below the slab or foundation floor of a structure.

For this provision, a plumbing system or domestic appliance does not include a roof drain, gutter, downspout, or similar fixtures or equipment;

## TWELFTH DEFENSE

Coverage is excluded because plaintiff failed to timely notify Metropolitan of loss, in violation of the terms and conditions of the applicable insurance policy:

### SECTION I CONDITIONS

**2.** What You Must Do After a Loss. We have no obligation to provide coverage under this policy if you or your representative fail to comply with the following duties.

**A.** Immediately notify us or our representative. . . .

**B.** Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

## THIRTEENTH DEFENSE

Metropolitan incorporates all terms, conditions, and exclusions of the applicable insurance policy as if copied herein in their entirety.

## FOURTEENTH DEFENSE

Metropolitan gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

## ANSWER

Responding to the specific allegations of the Petition, Metropolitan further states:

1.

Metropolitan admits only that it is a foreign insurer authorized to do and doing business in the State of Louisiana.

2.

Metropolitan denies the allegations contained in Paragraph 2 of the Petition for lack of information sufficient to justify a belief therein.

3.

Metropolitan admits that it issued homeowners insurance policy number 165335718-0 to plaintiff. Metropolitan denies that plaintiff's homeowners insurance policy provides coverage for plaintiff's alleged loss.

4.

Metropolitan denies the allegations contained in Paragraph 4 of the Petition.

5.

Metropolitan denies the allegations contained in Paragraph 5 of the Petition.

6.

Metropolitan denies the allegations contained in Paragraph 6 of the Petition.

Metropolitan further denies the allegations contained in the paragraph beginning "WHEREFORE" in the Petition; plaintiff is not entitled to the relief sought in her prayer for relief.


Metropolitan prays that its Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceedings had, this Court render judgment in its favor, with all costs and fees assessed against plaintiff.


Respectfully submitted,

H. Minor Pipes, III, 24603
Patrick J. Lorio, 38328
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Metropolitan Property and Casualty Insurance Company*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel by electronic mail, facsimile and/or by placing same in the United States Mail, postage prepaid and properly addressed, this **3rd** day of June, 2019.

*Patrick DiOrio*

1671296_1

5